

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-5421
Re: Whether or not manufactur-
ers of cotton goods coming
within one of the three
Federal Acts mentioned in
Section 6, Senate Bill 129,
Acts of the 48th Legisla-
ture are eligible for an
exemption from Section 3,
Senate. Bill 129, both as
to hours of labor and over-
time wages.

Your request for our opinion on the hereinabove
captioned matter has been received by this department. We
quote from your letter as follows:

"Under the provisions of Senate Bill 129 reg-
ulating the hours of female employees, certain in-
dustries are eligible for an exemption to these
hours as provided for in Section 6.

"This office is in receipt of several applica-
tions for such exemption from companies engaged in
the manufacture of cotton goods. Section 3 of
Senate Bill 129 provides an exemption for female
employees employed by manufacturers of cotton goods
provided that double time be paid for those hours
in excess of nine per day. However, the exemption
as provided for in Section 6 makes no mention of
rates of pay. Please advise me whether or not such
manufacturers of cotton goods who come within the
jurisdiction of one of the three Federal Acts men-
tioned in Section 6 are eligible for an exemption
under same and if they are eligible under the pro-
visions of Section 6, would the exemption as provided

for in Section 3 control the rate of wages or would such an exemption, if granted under Section 6, exempt these manufacturers of cotton goods from the provisions of paying double time for those hours in excess of nine.

"   .   .   .   ."

Section 3 of Senate Bill No. 129, Acts of the 48th Legislature, reads as follows:

"No female shall be employed in any factory engaged in the manufacture of cotton, woolen or worsted goods or articles of merchandise manufactured out of cotton goods for more than ten (10) hours in any one calendar day, nor more than sixty (60) hours in any one calendar week. If such female is employed for more than nine (9) hours in any one day she shall receive pay at the rate of double her regular pay for such time as she may be employed for more than nine (9) hours per day."

Section 6 of Senate Bill 129, Acts of the 48th Legislature, reads as follows:

"In addition to the foregoing exemptions, in time of war and/or when the President of the United States proclaims a state of national emergency to exist, female workers employed in industries coming within the jurisdiction of the Fair Labor Standards Act of 1938 and amendments thereto, the Act of June 30th, 1936, C. 881, 49 Statute 2036, U. S. Code, Supplement II, Title 41, Paragraph 35-45, as amended by Act of May 13, 1942, Public No. 552, 77th Congress, 2nd Session, commonly known as the Walsh-Healey Act, or the Act of March 3, 1931, C. 441, 46 Statute 1494, as amended August 30, 1935, C. 825, 49 Statute 1011, U. S. Code Title 40, Paragraph 276A and Supplement V, Title 40, Paragraph 276A-276A-6, commonly known as the Bacon-Davis Act, are exempted from the provisions of Sections 1, 2, 3, 4, 5, and 13 of this Act, and female workers in such industries may be employed not exceeding ten (10) hours per day provided such hours of employment in such industries are not injurious to the health or morals of female

employees, or working such hours does not add to the hazards of their occupations and such hours of employment are in the public interest. Provided, however, that in time of war and/or when the President of the United States proclaims a state of national emergency to exist, all female office employees of such employers coming within the purview of Section 6 hereof are exempt from the provisions of this Act."

The above quoted provisions of Section 6 are plain and unambiguous and expressly provide that female workers employed in industries coming within the jurisdiction of one of the three Federal Acts above mentioned are exempt from the provisions of Sections 1, 2, 3, 4, 5 and 13 of this Act.

It is therefore our opinion that manufacturers of cotton goods who come within the jurisdiction of one of the three Federal Acts mentioned in Section 6 of Senate Bill 129 are eligible for an exemption under same, both as to hours of labor and overtime wages.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   *J. C. Davis, Jr.*
    J. C. Davis, Jr.
     Assistant

JCD:db

APPROVED JUL 23, 1943

*Gerald C. Mann*

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN